# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**REAGAN MCNERNEY**,

*Plaintiff*,

v.

CAUSE NO. 3:22-CV-684-CWR-LGI

**UNITED STATES OF AMERICA**,

*Defendant*.

## ORDER

Before the Court is the United States' motion *in limine*. Docket No. 70. It wants to limit plaintiff Reagan McNerney's treating physicians to "only offer expert testimony based on their examination and treatment of Plaintiff as set forth in their medical records." *Id.* at 1.

The applicable legal standard is well-established and undisputed; the parties cite some of the same in-district cases that wield it. As a reminder, the standard provides that:

> if the [treating] physician does not provide an expert report, his testimony must remain confined to facts disclosed during care and treatment of the patient, including his diagnosis, the causation of a plaintiff's injuries, and the plaintiff's prognosis, as long as the doctor formed those opinions based on his personal knowledge and observations obtained during the course of care and treatment. Conversely, where a treating physician has prepared his opinions in anticipation of litigation or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like a retained expert and must comply with Rule 26(a)(2)(B).

*Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 WL 4735312, at *1 (S.D. Miss. Sept. 11, 2016) (quotation marks and citation omitted); *see also James v. Antarctic Mechanical Servs., Inc.*, No. 3:18-CV-678-CWR-FKB, 2020 WL 1339640, at *3-4 (S.D. Miss. March 23, 2020).

In this case, the treating physicians in question are J. Hunter Berry and Rocco Barbieri. Both are orthopedists at "Southern Bone and Joint, Specialists, P.A.," in Hattiesburg, Mississippi. The plaintiff timely designated them as experts during discovery.

The Court has reviewed the plaintiff's designation. It appears to track the legal standard. The government's specific grievance with the plaintiff's designation is, in truth, not entirely clear.

The Court sees that on September 29, 2023, counsel for the government emailed counsel opposite about this subject. She wrote, "Plaintiff's Designation indicates that her treating physicians will testify to matters that go outside the scope of her treatment records." Docket No. 70-2 at 1. But neither there nor in the briefing on this motion did counsel explain with precision how these treating physicians are anticipated to testify beyond the scope of their treatment.

At one point, the United States' motion does argue that "the Court should preclude Dr. Berry from testifying about his review of Dr. Barbieri's medical records." Docket No. 71 at 6. The fact that Dr. Berry and Dr. Barbieri practice medicine together, though, suggests that Dr. Berry's review of his colleague's records was done during the course of treating the plaintiff. Nothing indicates that it was done in anticipation of litigation or relies on sources other than those utilized in treatment.

Even if the United States had demonstrated that the plaintiff's treating physicians will go "out of bounds," moreover, its motion complaining about that defect has come too late. "Uniform Local Rule 26(a)(3) provides: 'Challenges as to inadequate disclosure of expert witness(es) must be made *no later than thirty days before the discovery deadline* or will be deemed

2

waived.'" *Keyes v. Techtronic Indus. Factory Outlets, Inc.*, No. 3:18-CV-671-DPJ-FKB, 2020 WL 5592694, at *4 (S.D. Miss. Aug. 4, 2020) (quoting the Local Rule) (emphasis added).

Applying this Local Rule to the scheduling order issued in our case, the United States' challenge was due in mid-September 2023. Its present motion was filed well after that deadline passed. That means the government has waived its objection. *See id.* (compiling cases finding waiver of this objection).

For these reasons, the United States' motion *in limine* is denied. This case remains in the hands of the parties. As this Court advises parties in all cases, at each juncture of the case, the parties should reassess their positions and seek resolution.

**SO ORDERED**, this the 11th day of March, 2024.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE